DAVID SULLIVAN and JOHN ROBINSON, Composing the Firm of SULLIVAN & ROBINSON, Appellants, v. JOHN EUSNER, Respondent, Impleaded with Others.

*Mortgage to secure advances to be made to a contractor — agreement by the mortgagee to pay a sub-contractor.*

John Eusner, an owner of real estate, conveyed it to one Dunn in order to have buildings erected upon it under an agreement that Eusner would make advances to Dunn, upon a building loan mortgage, at various stages of the work, and that he might, at his option, make advances before they became due.

Thereafter Eusner gave to Sullivan & Robinson, who had agreed with Dunn to do a certain portion of the work, the following letter:

"At the request of Mr. Herbert T. Dunn I hereby agree to retain for you out of the building loan I am making said Herbert T. Dunn on Topping street, W. S., 110 ft. north of 174th street, N. Y. city, the sum of twenty-eight hundred ($2,800) dollars, which said sum is the amount of your contract made with said Herbert T. Dunn to perform labor and furnish material, in accordance with said contract, to build two (2) certain houses on aforesaid premises. The sum of eight hundred dollars ($800) to be paid to you when the houses are sheathed and roof-boarded, ready for shingles."

*Held*, that Eusner's obligation under this letter was not limited to a performance by Dunn of his contract with Eusner, and that when the houses were "sheathed and roof-boarded, ready for shingles," Sullivan & Robinson were absolutely entitled to recover of Eusner the sum of $800.

APPEAL by the plaintiffs, David Sullivan and John Robinson, composing the firm of Sullivan & Robinson, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of April, 1897, upon the decision of the court rendered after a trial at the New York Special Term, as dismisses the complaint as against the defendant John Eusner.

This action was brought to foreclose a mechanic's lien, filed against premises owned by the defendant Dunn, for labor and materials furnished by the plaintiff under a contract with the defendant Dunn to do the carpenter work upon such premises.

*Robert McC. Robinson*, for the appellants.

*Louis Wendel, Jr.*, for the respondent.

Ingraham, J. :

From the plaintiffs' evidence it appeared that the defendant Eusner, being the owner of certain premises, conveyed them to the defendant Dunn, taking back a mortgage of $6,000 as the consideration for such conveyance, and at the same time agreed to make a building loan to enable the said Dunn to erect buildings upon the said premises, such loan to be secured by a mortgage to be made by Dunn to Eusner. By that agreement Dunn was to erect and complete two buildings on the premises conveyed pursuant to certain plans and specifications, and Eusner was to advance to Dunn the sum of $5,400, to be secured by a mortgage upon the premises, to be paid to Dunn at various times, as the work upon the buildings progressed. The first payment was to be $1,000 when Dunn should " have the cellar walls up ; sewers excavated and laid into the building ; second tier of beams on, and frame upon the said two buildings." By the agreement it was further provided that Eusner should have the option to make the advances prior to the time when they should become due, such payments when made to be credited upon the amount to be loaned, and if any lien or judgment be recorded affecting the title to said premises Eusner was not bound to make any future payments, but might, at his option, satisfy or discharge the said lien or judgment, and charge the same against Dunn, or deduct the same from any advances to be made under the contract. After this conveyance and the building loan agreement had been made, Dunn made a contract with the plaintiffs to perform labor and furnish materials to build these two houses for the sum of $2,800, the first payment of which was to be made when the houses were sheathed and roof-boarded. After that contract between the plaintiffs and Dunn was made, the defendant Eusner delivered to the plaintiffs a letter, as follows : "At the request of Mr. Herbert

T. Dunn I hereby agree to retain for you out of the building loan I am making said Herbert T. Dunn, on Topping street, W. S., 110 ft. north of 174th street, N. Y. city, the sum of twenty-eight hundred ($2,800) dollars, which said sum is the amount of your contract made with said Herbert T. Dunn to perform labor and furnish material, in accordance with said contract, to build two (2) certain houses on aforesaid premises. 'The sum of eight hundred dollars ($800) to be paid to you when the houses are sheathed and roof-boarded, ready for shingles." The balance of $2,000 was to be paid in two payments, one when the plastering and all the outside work was done, and the other, thirty days after the completion of the carpenter work, as called. for by the contract. The plaintiffs went on and completed the work which entitled them to receive, as between themselves and Dunn, and under an agreement between plaintiff and Eusner, $800, the first payment under the contract, and additional work to the value of $300, and they claim under this contract, between themselves and Eusner, that they were entitled to a personal judgment against Eusner for the amount of the work completed.

We have to take these two contracts together and ascertain just what it was that the defendant Eusner agreed to do when he made this agreement with plaintiffs under which they have done the work. So far as appears, Dunn had no substantial interest in this property. He was a mere contractor to complete these buildings. Eusner had conveyed the property to Dunn, taking back a purchase-money mortgage, and under the guise of a building loan made a contract to complete the buildings. The substantial interest in this property then belonged to Eusner. Eusner then made this agreement with the plaintiffs, and by it he agreed to retain out of the building loan that he had agreed to make to Dunn, the amount which, by contract, Dunn was to pay to the plaintiffs. Having thus agreed to retain this sum of money out of the amount which he had agreed to advance to Dunn on account of this building loan, and which, under the building loan agreement, he had the option to advance before it became due, he made the agreement with plaintiffs which provided for the method in which that amount which Eusner was to retain was to be paid to them.

By this agreement between Eusner and the plaintiffs this money

was not to be paid to the plaintiffs when Dunn would be entitled to it. There is no provision in this agreement with plaintiffs, limiting Eusner's obligation to a performance by Dunn of the contract between Eusner and Dunn. Eusner agreed to pay to plaintiffs a sum of money out of the amount that he was to advance under his building loan agreement, not when Dunn had earned the money, but when the plaintiffs had earned the money under their agreement with Dunn. Eusner agreed to retain this sum of $2,800, that is, to hold it in his hands instead of paying it to Dunn, and of that sum of $2,800 Eusner agreed to pay to the plaintiffs $800 when the houses were sheathed and roof-boarded, ready for shingles.

From this agreement it seems to us clear that Eusner was bound to pay that money to the plaintiffs when plaintiffs had sheathed and roof-boarded the houses ready for shingles, and that, irrespective of the obligation of Eusner to pay anything to Dunn. We think, therefore, that the plaintiffs were entitled to a judgment against Eusner for $800 and interest. The payment for the additional work was not due under the contracts between plaintiffs and Dunn or plaintiffs and Eusner. Eusner was not bound to pay to the plaintiffs any sum of money, except under the terms of his contract with them, and that being so, and as plaintiffs never did perform the contract, so as to entitle them to the subsequent payments, they were not entitled to recover anything more than the $800.

We think, therefore, that the judgment dismissing the complaint as to Eusner should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Judgment dismissing complaint as to defendant Eusner reversed and new trial granted, with costs to appellant to abide event.